[Nos. 517, 495, 496.   August 9, 1892.]

## J. S. MARTIN, PLAINTIFF IN ERROR, v. JOHN W. TERRY ET AL., DEFENDANTS IN ERROR; AUGUST KIRCHNER ET AL., PLAINTIFFS IN ERROR, v. J. M. C. CHAVEZ ET AL., DEFENDANTS IN ERROR; SAME, PLAINTIFFS IN ERROR, v. ISADORE FERRAN, DEFENDANT IN ERROR.

PRACTICE ON APPEAL—ASSIGNMENT OF ERRORS— WRIT OF ERROR—DISMISS-AL.—On a motion for dismissal of an appeal or writ of error and affirm-ance of judgment, for failure to comply with section 2189, Compiled Laws, providing that, in default of making and filing an assignment of errors on or before the first day of the term to which the cause is returnable, "the appeal or writ of error may be dismissed, and the judgment affirmed, unless good cause for such failure be shown," the sudden and unexpected impoverishment of an appellant or plaintiff in error is not "good cause," within the meaning of the statute, for failure to comply therewith, and will not be heard as an excuse for such failure.

ID.—RULE 25, SUPREME COURT—ASSIGNMENT OF ERRORS—WRIT OF ERROR—DISMISSAL.—On such motion, where the appellant or plaintiff in error has made an assignment of errors, and incorporated it in a transcript containing a statement of the cause and brief, and had the same properly filed, but has failed to file the assignment, written on a separate paper, as required by rule 25 of the supreme court, the appeal or writ of error will be dismissed.

ID.—ASSIGNMENT OF ERRORS—FILING OF SEPARATE PAPER—AFFIDAVIT.— Where, on a motion to set aside an order dismissing an appeal and affirming judgment, an affidavit of counsel filed, though it does not show a technical compliance with rule 25 of the supreme court, shows that the assignment of errors was made on a separate paper and filed in the clerk's office; that the same was placed in the hands of the printer to be copied in the brief, and the brief shows that the same was copied as required by the rule; and affiant states that he sup-posed, and had good reasons to believe, the same had been forwarded with the record to the clerk of the supreme court,—Held: This was sufficient, under the provisions of the statute, as showing an honest effort to comply with the rule, and the order of dismissal will be set aside.

ERROR, from a judgment for defendants in each case, to the Fifth Judicial District Court, Socorro County. Motion to dismiss writ of error and for affirmance of judgment in each case, sustained. Motion in case number 517 to set aside order of dismissal, sustained.

The facts are stated in the opinion of the court.

CATRON & COONS and KELLEY & SNIFFEN for plaintiff in error, J. S. Martin; and W. B. SLOAN for plaintiffs in error, August Kirchner et al.

J. G. FITCH for defendants in error, John W. Terry et al.; and N. B. LAUGHLIN for defendants in error, J. M. C. Chavez et al., and Isadore Ferran.

ON MOTION TO AFFIRM.

PER CURIAM.—Motions in the foregoing causes are made by the defendants in error and appellees to affirm the judgments below on the grounds that assignments of error were not made and filed in accordance with the provisions of section 2189, Compiled Laws, 1884, and of rule 25 of this court, adopted in pursuance of said section. The facts in the last two cases are identical. No assignments were made or filed, or attempted to be made or filed, in either of them, on or before the first day of the present term. No sufficient excuse is shown for such failure. The sudden and unexpected impoverishment of plaintiffs in error is merely stated or suggested by counsel. Admitting it to be true, it hardly furnishes a pretext, and certainly no "good cause," for such negligence. The portion of the section cited, applicable to the present contention, reads: "On appeals and writs of error, the appellant and plaintiff in error shall assign errors on or before the first day of the term to which

ASSIGNMENT of errors: writ of error: dismissal.

the cause is returnable; in default of such assignment of errors, the appeal or writ of error may be dismissed, and the judgment affirmed, unless good cause for such failure be shown." Rule 25 of this court, adopted January 29, 1887, provides that "all assignments of error required by section 2189 of Compiled Laws of 1884 shall be written on a separate paper, and filed in the cause, and shall also be copied into the brief of the appellant or plaintiff in error, and the clerk shall enter the fact of such filing on the record." It is needless to

RULE 25, supreme court: assignment of errors: dismissal.

remark that it would look like a judicial encouragement of uncertainties and delays in the prosecution of suits to refuse, in the light of the facts before us, to grant the motions in the last two causes. The facts in the first case are somewhat different. In that plaintiff in error made out an assignment of errors, but incorporated it in a transcript containing statement of case and brief, and had same properly filed; but he has not filed such assignment written on a separate paper, as required by rule 25. The rule evidently requires two things of the party alleging error: First, that he state each error relied upon in separate paragraphs, written on separate paper; second, that the same be copied into the brief of appellant or plaintiff in error. Observance of the rule is not difficult. The rule itself is not unreasonable, and it tends to promote uniformity in appellate proceedings. If a party to-day be permitted to disregard one portion of it, to-morrow another party may claim the right to disregard the other portion. Duty requires us to enforce obedience to all of it. No excuse is offered for failure to file the errors assigned on a separate paper. It follows that the motions must be granted, and the several writs of error and appeal in the three causes submitted be dismissed, and the judgments affirmed. This policy is in accord with previous decisions of this court. Lamy v. Lamy, 4 N. M. 29; Deemer v. Faulk-

enburg, 4 N. M. 149; Lamy v. Lamy, 4 N. M. 291. The writs and appeal are dismissed, and the judgments below affirmed.

## ON MOTION TO SET ASIDE DISMISSAL.

LEE, J.—On motion to set aside an order dismissing appeal and affirming judgment below. On a prior day of the present term of this court, an order was made dismissing the appeal and affirming the judgment below, for the reason that the appellant had failed to comply with the twenty-fifth rule of this court, which provides that all assignments of error required by section 2189 of the Compiled Laws shall be written upon separate papers, and filed in the cases, and shall also be copied into the briefs of appellants or plaintiffs in error, and the clerk shall enter the fact of such filing on the records. The appellant now moves to set aside the order then made of dismissal in said cause, and to have said cause set down for hearing, and files an affidavit as to compliance with or reasons for failing to comply with the rule, which affidavit is as follows:

ASSIGNMENT of errors: filing of separate paper: affidavit.

"Territory of New Mexico, County of Socorro—ss.: J. S. Sniffen, being duly sworn, on his oath deposes and says that he is one of the attorneys for J. S. Martin, plaintiff in error, and that the case was in the hands and management of W. E. Kelley, who had acted as the attorney for J. S. Martin, aforesaid, and that the entire case had been left to the management of said Kelley, to take and perfect the appeal of the same to the supreme court; that this affiant had every reason to believe that the said cause was regularly appealed to the said court; and that the transcript and all necessary papers had been filed. Affiant further says that on or about the thirteenth day of June, 1892, he was first informed that up to that date nothing had been done by the said Kelley to perfect the appeal.

Affiant says that on said date he caused a transcript of the record of the said cause to be made by the clerk of the district court of the Fifth judicial district, and to be forwarded as soon as possible to the clerk of the supreme court; that, in order to secure the transcript of the same in time for filing, the said clerk was obliged to work night and day; that affiant prepared his brief and assignment of errors, and placed the same in the hands of the printer, and the same was completed on the fourteenth day of June, 1892, and were by the said W. E. Kelley, with the transcript, delivered to the clerk, to be forwarded as aforesaid. Affiant further says that the assignment of errors was written on a separate piece of paper, and it was the intention of affiant to have the same forwarded for filing in said cause, but in the hurry to forward the same in time the said assignment of errors was .omitted; that the same was left in the printing office, and has since been destroyed, with other copy. Affiant says that this affidavit is not made for the purpose of hindering and delaying the said cause, but that justice may be done.

"Subscribed and sworn to before me this thirtieth day of July, 1892.

"J. S. SNIFFEN,

"Attorney for J. S. Martin, Plaintiff in Error.

"W. H. RYERTS, Notary Public."

While this court is disposed to adhere strictly to the rule as before laid down, and the same will be enforced in all cases, where good reasons are not shown for such failure, as required by statute, the affidavit presents a very different question from that which was before the court on the former ruling. While the affidavit does not show a technical compliance with the rule, yet it shows that the assignment of errors was made out on a separate paper, and filed in the clerk's office, and that the same was placed in the hands of the printer to be copied in the brief; and the

brief shows that the same was copied as required by the rule, and the counsel swears that he supposed and had reasons to believe that the same had been forwarded with the record to the clerk of this court. This would appear to be a substantial showing, under the provision of the statute, of an honest effort to comply with the terms of the rule. Therefore the judgment dismissing the appeal and affirming the judgment below will be vacated and set aside, and the cause set down for hearing.

O'Brien, C. J., and Seeds and McFie, JJ., concur.